UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MDI, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **VS.** | ) | Civil Action No.  **SA-07-CV-251-XR** |
| | ) | |
| **MINH PHAN AND ECOMATRIX** | ) | |
| **FUNDING, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**ORDER**

On this date, the Court considered Defendants' opposed motion to transfer venue (Docket No. 3).  The Court concludes that a hearing is unnecessary to resolve this motion.  *See* LOCAL RULE CV-7(g) ("[T]he allowance of an oral hearing shall be within the sole discretion of the judge to whom the motion is assigned").  For the reasons discussed below, the motion is DENIED. Plaintiff is ORDERED to file a notice with the Court on or before **June 11, 2007** indicating the case number and the judge assignment of the related case transferred from the Central District of California on May 14, 2007.  Plaintiff is also ORDERED to indicate in that notice whether Plaintiff intends to file a motion to consolidate the California action and the Texas action.

**I. Factual & Procedural Background**

Plaintiff MDI, Inc. ("MDI") is a Delaware corporation with its principal place of business in Bexar County, Texas.  Defendant Ecomatrix Funding, Inc. ("Ecomatrix") is a California corporation with its principal place of business in California, and Defendant Minh Phan ("Phan") is a citizen of California.  Phan is the sole shareholder, director, and President of Ecomatrix.

According to Phan's affidavit, Ecomatrix's Advanced Security Link ("ASL") division was engaged in development, hardware and software design, manufacturing, marketing and sales of internet-based security systems. The present controversy centers around MDI's purchase of Ecomatrix's intellectual property rights, customer and supplier agreements, rights under certain leases used in ASL's business, and specific property at ASL's premises in the Costa Mesa, California. MDI's purchase of these assets was in exchange for 2,000,000 shares of MDI stock, which was represented to have a value of over $1,460,000.00. The purchase also involved additional consideration in the form of a three-year consulting contract between MDI and Phan, which was terminable for good cause. Under the terms of the consulting contract, MDI was required to pay Phan $15,000.00 per month for his services.

In late 2005, Plaintiff and Defendants entered into negotiations surrounding Plaintiff's proposed purchase of certain assets from Defendants of the ASL division. On or about December 8, 2005, Plaintiff and Defendants entered into a written contract for the purchase of those assets. On or about January 2, 2006, Plaintiff closed on its purchase of these assets. Additionally, Defendant Phan entered into a consulting agreement with Plaintiff wherein Phan promised to use his best efforts to continue to manage and develop the ASL line of business after its assets had been acquired by Plaintiff. Plaintiff claims that Defendants breached material terms of the contract with Plaintiff by refusing to perform their contractual obligations. Specifically, Plaintiff alleges that Phan breached his consulting agreement with Plaintiff by failing to use his best efforts to continue to manage and develop the ASL line of business. In his affidavit, Phan alleges that MDI repudiated the consulting contract eight months after MDI secured all of ASL's assets, closed down ASL's business operations, and left him and Ecomatrix with long-term liabilities incurred for ASL's business

operations.  Plaintiff claims that Phan has sold his MDI shares "for an amount well in excess of $1,000,000.00."

On February 14, 2007, Plaintiff MDI filed suit for breach of contract against Phan and Ecomatrix in the 150th Judicial District Court in Bexar County, Texas.  Plaintiff filed a First Amended Petition on February 15, 2007.  The action was served on the Texas Secretary of State on February 16, 2007.  Defendants filed their answer to Plaintiff's state court petition on March 23, 2007.  Concurrently with that filing, Defendants also removed the case to this Court based on diversity jurisdiction.

On February 16, 2007, two days after MDI filed the Texas state court action against Defendants, Phan and Ecomatrix filed suit against MDI in the Superior Court of the County of Orange, California.  Defendants' California complaint was served on MDI on March 6, 2007.  On March 29, 2007, MDI filed its Notice of Removal with the United States District Court for the Central District of California.

On April 6, 2007, MDI, as a defendant in the California action, filed a motion to transfer venue to this Court.  On that same date, Defendants filed a motion to transfer venue pursuant to 28 U.S.C. § 1404(a) in the Texas action seeking transfer to the Central District of California.

On May 17, 2007, Plaintiff filed a supplemental response to Defendants' motion to transfer venue.  Plaintiff informed the Court that on May 14, 2007, the Honorable David O. Carter, Judge of the United States District Court for the Central District of California, issued an Order granting Defendant MDI's motion to transfer venue of the California action to this Court.  Judge Carter concluded that transfer of the California action to this Court was appropriate pursuant to 28 U.S.C. § 1404(a).  After observing that the Texas action was filed two days before the California action,

Judge Carter held that "[w]hen there are two pending related cases, 'the first suit filed should have priority.'"[1] Judge Carter noted that this Court has already ordered the parties to confer and submit a proposed scheduling order by May 22, 2007, and he also observed that the contract at issue in this case included a Texas choice-of-law provision.  Judge Carter concluded that transfer of the California action to the Western District of Texas would greatly conserve judicial resources because both actions involve the same underlying issues, and "transfer of this case to a court familiar and experienced with the facts and law of this case will realize efficiency gains." Judge Carter suggested that if the Texas action and the California action were consolidated upon transfer, there may be a significant reduction in discovery litigation and trial time.

In their motion to transfer venue, Defendants argue that Phan does not have the resources to litigate this lawsuit in Texas and many critical witnesses reside in California.  In his affidavit, Phan stated that at least four former ASL employees who reside in California would testify about this controversy.  The contract was negotiated in California and involved the sale of assets located in California.  Furthermore, Phan's consulting obligations were performable in California.  Although two of the three contracts call for the application of Texas law, Defendants argue that the federal court in California is competent to apply the law of Texas.

## II. Legal Analysis

Defendants have requested a transfer of this case to the Central District of California pursuant to 28 U.S.C. § 1404(a).  Section 1404 states that "for the convenience of the parties and witnesses,

---

[1]Judge Carter cited *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215 (2d Cir. 1978), for this proposition.  In *Factors*, the Second Circuit stated that "[t]he rule in this circuit is that the first suit should have priority, absent the showing of balance of convenience in favor of the second action . . . or unless there are special circumstances which justify giving priority to the second." *Id.* at 218.

-4-

in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Whether a transfer of venue is "convenient" and "in the interests of justice" turns on a number of private and public interest factors, none of which are dispositive. *Action Indus., Inc. v. U.S. Fidelity & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004)(citing *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 827 (5th Cir. 1986)). The private interests include: (1) the relative ease to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981). The public interests include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws. *Id*. A plaintiff's choice of forum is "clearly a factor to be considered but in and of itself is neither conclusive nor determinative." *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003). Defendants have the burden of demonstrating that the convenience of the parties and interests of justice weigh heavily in favor of transfer. *Thompson v. Handa-Lopez*, 998 F. Supp. 738, 745 (W.D. Tex. 1998).

The Court concludes that Defendants have not met their burden of demonstrating that the relevant factors weigh heavily in favor of transfer. This Court concurs with its sister Court's conclusion that the factors relevant to transfer weigh in favor of hearing this case in the Western District of Texas. Furthermore, the Court agrees with its sister Court's application of the "first-to-

file rule" when considering MDI's motion to transfer venue.[2]  *See Poseidon Oil Pipeline, L.L.C. v. Noble Drilling (U.S.), Inc.*, No. 06-5753, 2007 WL 1259219, *2 (E.D. La. April 26, 2007); *see Garmin Ltd. v. TomTom, Inc.*, No. 2:06CV338, 2007 WL 708587, *1 (E.D. Tex. March 5, 2007) ("'The general rule favors the forum of the first-filed action' as the forum for resolving all the issues in dispute") (citing *Genetech v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir.1993)).  The underlying policies supporting the first-to-file rule are comity and the orderly administration of justice. *Garmin*, 2007 WL 708587, at *1 (citing *Superior Sav. Ass'n v. Bank of Dallas*, 705 F. Supp. 326, 331 (N.D. Tex.1989)).  The Court finds that these policies would be furthered by retaining this case on the Court's docket and potentially consolidating this case with the recently transferred California action. Although application of the first-to-file rule is not dispositive of the present motion, the Court believes that it is a relevant component of the "interests of justice" analysis.  *Tex. Instruments v. Micron Semiconductor*, 815 F. Supp. 994, 997 (E.D. Tex. 1993) ("[T]he first-to-file rule is not a rigid or inflexible rule to be mechanically applied").

　　　The Court finds that the Fifth Circuit's private and public interest factors weigh against

---

[2]In the Fifth Circuit, the court with the first filed action typically rules on a motion to transfer venue *before* the court with the second filed action rules on a similar motion.  *Mann Mgf., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971) ("In the absence of compelling circumstances the court initially seized of the controversy should be the one to decide whether it will try the case"). Applying the comity principles underlying the first-to-file rule, the Fifth Circuit has held "that the court 'with prior jurisdiction over the common subject matter' should resolve all issues presented in related actions." *West Gulf Maritime Assoc. v. ILA Deep Sea Local 24*, 751 F.2d 721, 730 (5th Cir.1985).  The Fifth Circuit has further stated that "[a] stay may be appropriate to permit the court of first filing to rule on a motion to transfer. If that court transfers the first-filed action, the stay could be lifted and the actions consolidated." *Id.* at 729 n. 1. Whereas, "[i]f the transfer is denied . . . the stay could be lifted and the second-filed action . . . transferred" to the court entertaining the first filed action.  *Id.*  The Court concludes that it would have denied the motion to transfer even if it had ruled on the motion before the California court.

transfer.  Although not a dispositive factor, "[t]he plaintiff's privilege to choose, or not be ousted from his chosen forum is highly esteemed."  *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966); *see State Street Capital Corp. v. Dente*, 855 F. Supp. 192, 197 (S.D. Tex.1994) ("the plaintiff's choice of forum is entitled to great deference").

On balance, an analysis of the private interest factors weigh against transfer.  In January of 2007, MDI closed its operations in Costa Mesa, California and moved them to San Antonio. Transfer of this case to federal court in California would likely impose a significant monetary burden on MDI to fly those employees with personal knowledge of the issues in this matter to California for depositions, mediation, and trial. However, Defendants have also demonstrated that they would be burdened by proceeding with this litigation in Texas.  The contracts allegedly breached by Defendants in this case were signed by Defendant Phan in Texas.  The General Bill of Sale and Assignment Agreement requires performance of the assignment in Bexar County, Texas.  Although Defendants might maintain some documents related to this cause in California, other relevant documents appear to be located at MDI headquarters in Texas, and access to original documents has been given decreasing emphasis by the courts given the current state of technology.  *See Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 778 (E.D. Tex. 2000).  Although some of MDI's former employees reside in California, Plaintiff has argued that several current MDI employees with knowledge of relevant facts reside in Texas.  In the Fifth Circuit, the "location of counsel" factor is irrelevant and improper for consideration in determining whether to transfer venue.  *In re Horseshoe Entm't*, 337 F.3d at 434.  Although several of the private interest factors are neutral, an analysis of these factors does not lead the Court to the conclusion that the convenience of the parties and the interests of justice weigh heavily in favor of transfer.

On balance, an analysis of the public interest factors also weigh against transfer.  As mentioned previously, the second-filed case has already been transferred from the Central District of California to this Court, so transfer of the first-filed case to California certainly would not conserve judicial resources or promote the prompt resolution of this cause.  The General Bill of Sale and Assignment Agreement contains a choice-of-law provision establishing that the rights and obligations of the parties shall be governed by, construed and enforced in accordance with the laws of Texas.  Additionally, the terms, conditions, and performance of the consulting agreement will be construed in accordance with Texas law.  This Court is more familiar with Texas law than a California court would be.   In their motion to transfer, Defendants argue that "MDI brought this action in Texas as an anticipatory 'strike suit' knowing full well it had breach the obligations to pay Minh Phan under the consulting agreement."   The Court agrees with its sister Court that characterization of this lawsuit as a "strike suit" is not relevant to the Court's resolution of this motion, as it appears that the parties have a genuine dispute related to this contract.   The consulting agreement contemplated that the contract was terminable in the event that Phan failed to comply with any term or provision of the contract or in the event of misconduct.  The other arguments raised by Defendants in their motion do not convince the Court that the relevant public interest factors weigh heavily in favor of a transfer to the Central District of California, especially in light of the fact that the California court has already transferred the second-filed suit to this Court.

### III. Conclusion

The motion to transfer venue is DENIED (Docket No. 3). Plaintiff is ORDERED to file a notice with the Court on or before **June 11, 2007** indicating the case number and the judge assignment of the related case transferred from the Central District of California on May 14, 2007.

Plaintiff is also ORDERED to indicate in that notice whether Plaintiff intends to file a motion to consolidate the California action and the Texas action.

It is so ORDERED.

SIGNED this 22nd day of May, 2007.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE